## <u>CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE</u>

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE (hereinafter referred to as the **"Agreement"**) is made and entered into, by and among Michael Reiterman (hereinafter referred to as **"Reiterman"**) and Defendant Farah Abid (hereinafter referred to as **"Abid"**). Reiterman and Abid are collectively referred to herein as the **"Parties"** and are individually referred to herein as a **"Party**."

## <u>RECITALS:</u>

WHEREAS, Reiterman filed a lawsuit against Abid in the United States District Court for the Middle District of Florida, captioned Michael Reiterman v. Farah Abid, Case No. 8:18-cv-812-T-36AEP (hereinafter referred to as **"the Lawsuit"**);

WHEREAS, Abid has raised issues regarding various counterclaims and defenses she may assert in the Lawsuit;

WHEREAS, the Parties desire to settle, resolve, and terminate all disputes among them relating to the Lawsuit, and the claims, demands, complaints, counterclaims, and allegations asserted therein.

NOW, THEREFORE, in consideration of the covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.     **<u>Settlement Payment</u>**

Reiterman agrees to pay to Abid the sum of twenty-five thousand dollars ($25,000.00) (the **"Settlement Payment"**) consisting of the following monthly installment payments, which must be made payable to "Farah Abid" and delivered to Kelli Edson, Esq., Quarles & Brady LLP, 101 E. Kennedy Boulevard, Suite 3400, Tampa, Florida 33602:

$1,500 payable by or before July 1, 2018

$1,500 payable by or before August 1, 2018

$1,500 payable by or before September 1, 2018

$1,500 payable by or before October 1, 2018

$1,500 payable by or before November 1, 2018

$1,500 payable by or before December 1, 2018

$1,500 payable by or before January 1, 2019

$1,500 payable by or before February 1, 2019

$1,500 payable by or before March 1, 2019

$1,500 payable by or before April 1, 2019

$1,500 payable by or before May 1, 2019

$1,500 payable by or before June 1, 2019

$1,500 payable by or before July 1, 2019

$1,500 payable by or before August 1, 2019

$1,500 payable by or before September 1, 2019

$1,500 payable by or before October 1, 2019

$1,000 payable by or before November 1, 2019

Reiterman agrees that in the event he becomes a licensed and practicing attorney and he is employed by a law firm, he shall pay double the amount of the monthly installment each month following his first full month of employment at said law firm.

Any failure by Reiterman to timely make any of the payments provided for in this Agreement shall be a material breach and default under this Agreement, and the Parties agree that, upon any default of any payments provided for in this Agreement, Abid may reopen the Lawsuit

and file a consented to and unopposed motion requesting the Court to enter a consent judgment in Abid's favor and against Reiterman in the amount of $25,000.00 less any payments received by the Abid pursuant to this Agreement.

2.   **Dismissal of Lawsuit**

Within sixty (60) days after complete execution of the Agreement, counsel for the Parties shall execute and file a Stipulation of Dismissal dismissing Abid from the Lawsuit with prejudice in the form attached hereto as Exhibit A.  The Parties agree that the Stipulation of Dismissal will dismiss Abid from the Lawsuit with prejudice, with each Party to bear its own costs and fees (including attorneys' fees), and waiving all rights to appeal, subject to a reservation of jurisdiction for the Court to enter orders in furtherance of paragraph 3 of this Agreement.

3.   **Takedown of Websites and Social Media**

Reiterman intends to serve discovery related to, and file motions and proposed orders which will seek the takedown of, websites and social media postings concerning Reiterman or the dispute between the parties.  Reiterman's motions and proposed orders, which request Abid's consent, shall be provided to Abid's counsel in advance of filing for Abid's review and approval. Abid's review and approval of the motions and orders shall not be unreasonably withheld and shall be timely provided.  After the motion and proposed order are approved by Abid, the motion and proposed order may be filed by Reiterman as consented to by Abid.  Reiterman may reference Abid in the motion and order, but may not disparage her or state or imply that Abid was involved in the websites and postings at issue in the motion or attempt to seek discovery from Abid.  Abid shall not have any obligations related to the motions and proposed orders to be filed by Reiterman

beyond her agreement to consent to the motions and proposed orders in this lawsuit or in any additional lawsuit that Reiterman may have to file (e.g. Jane Doe lawsuits).

### 4. <u>Confidentiality of Settlement Agreement</u>

The Parties expressly agree that the terms of this Agreement are confidential. The Parties shall maintain this Agreement and its contents, and all negotiations leading thereto, strictly confidential and shall not disclose the terms of settlement to any third parties. If the Parties receive any third party inquiries regarding the dispute or this settlement, the Parties shall simply state that the matter was resolved. Nothing contained herein shall prevent any Party from making disclosures as required by law to attorneys, accountants, tax advisors, or governmental entities.

### 5. <u>Release by Reiterman</u>

Reiterman, together with his subsidiaries, affiliates, parents, divisions, associates, owners, stockholders, predecessors, successors, assigns, agents, principals, directors, officers, partners, employees, representatives, attorneys, insurers, and any and all other persons or entities who have at any time acted or purported to act on his behalf (collectively, the "**Reiterman Releasing Parties**") absolutely and forever, release and discharge Abid, together with her subsidiaries, affiliates, parents, divisions, associates, owners, stockholders, predecessors, successors, assigns, agents, principals, directors, officers, partners, employees, representatives, attorneys, insurers, and any and all other persons or entities who have at any time acted or purported to act on her behalf (collectively, the "**Abid Released Parties**") from any and all actions, debts, claims, counterclaims, defenses, demands, liabilities, damages, causes of action, costs, expenses, and compensation of every kind and nature whatsoever, in law or in equity, known or unknown, suspected or unsuspected, reasonably discoverable or not, present, fixed, or contingent, which the Reiterman Releasing Parties may have or ever had, or may have or claim to have in the future, from the beginning of time, against the Abid Released Parties, including, without limitation, any and all

actions, debts, claims, counterclaims, defenses, demands, liabilities, damages, causes of action, costs, expenses, and compensation arising from or relating to the Lawsuit. This release shall not include any claims Reiterman may have against third parties identified during the discovery related to the websites and social media postings at issue in paragraph 3 of this Agreement.

6.     **Release by Abid**

Abid, together with her subsidiaries, affiliates, parents, divisions, associates, owners, stockholders, predecessors, successors, assigns, agents, principals, directors, officers, partners, employees, representatives, attorneys, insurers, and any and all other persons or entities who have at any time acted or purported to act on her behalf (collectively, the "**Abid Releasing Parties**") absolutely and forever, release and discharge Reiterman, together with his subsidiaries, affiliates, parents, divisions, associates, owners, stockholders, predecessors, successors, assigns, agents, principals, directors, officers, partners, employees, representatives, attorneys, insurers, and any and all other persons or entities who have at any time acted or purported to act on his behalf (collectively, the "**Reiterman Released Parties**") from any and all actions, debts, claims, counterclaims, defenses, demands, liabilities, damages, causes of action, costs, expenses, and compensation of every kind and nature whatsoever, in law or in equity, known or unknown, suspected or unsuspected, reasonably discoverable or not, present, fixed, or contingent, which Abid Releasing Parties may have or ever had, or may have or claim to have in the future, from the beginning of time, against the Reiterman Released Parties, including, without limitation, any and all actions, debts, claims, counterclaims, defenses, demands, liabilities, damages, causes of action, costs, expenses, and compensation arising from or relating to the Lawsuit.

7.     **No Disparagement**

Reiterman hereby agrees not to utter or publish to any person or entity (other than his attorneys) any oral or written comment or statement that disparages the personal or business

5

reputations, ethics, integrity or business practices, of Abid, and her predecessors, successors, heirs, assigns, owners, affiliates, parent corporations (if any), subsidiaries (whether or not wholly owned), divisions, partners, officers, members, managers, directors, agents, employees, customers, insurers, and attorneys.

Likewise, Abid hereby agrees not to utter or publish to any person or entity (other than her attorneys) any oral or written comment or statement that disparages the personal or business reputations, ethics, integrity or business practices of Reiterman, and his predecessors, successors, heirs, assigns, owners, affiliates, parent corporations (if any), subsidiaries (whether or not wholly owned), divisions, partners, officers, members, managers, directors, agents, employees, customers, insurers, and attorneys.

## 8.    <u>No Contact</u>

The Parties shall have no contact with each other, and the Parties shall not directly or indirectly contact each other in person, by mail, e-mail, fax, telephone, through another person, or in any other manner, including but not limited to internet or social media (such as Facebook, Twitter, or Instagram).  Further, the Parties shall not contact, or instruct any third party to contact, anyone connected with the other Party's family, employment, or friends to inquire about the other, or to send any messages to each other (including but not limited to social media or otherwise).

## 9.    <u>Covenant Not to Sue</u>

The Parties promise not to file a complaint, claim, charge, lawsuit, arbitration, or any other legal proceeding with any court or any government agency asserting any claim that is released in this Agreement, and represent and warrant that other than the Lawsuit, they have not filed any such complaint, claim, charge, lawsuit, arbitration or legal proceeding where the other Party was named as of the date of the signing of this Agreement.  Notwithstanding the foregoing, the Parties further represent and agree that if any agency, court, or other body assumes jurisdiction of any such

complaint, claim, charge, lawsuit, arbitration, or legal proceeding against the Parties or others released herein, the Parties will request such agency, court, or other body to withdraw from and/or to dismiss the matter with prejudice.  This covenant not to sue does not pertain to any legal proceedings filed by any Party to enforce the terms of this Agreement.

### 10.    No Obligation in Related Actions

Reiterman agrees that Abid shall have no obligation to participate or assist in any future action, litigation, or dispute relating to the instant dispute between the Parties in any way, except for any action for a breach of Abid's obligations under this Agreement and/or a breach of the parties' obligations in furtherance of paragraph 3 of this Agreement.  Reiterman further agrees that he shall not issue any subpoena to Abid, third-party discovery to Abid, or otherwise attempt to involve Abid in any such related action or litigation.

### 11.    No Reliance on Representations

The Parties to this Agreement hereby expressly affirm that, in entering into this Agreement and the releases herein, they are not relying in any way or in any degree whatsoever on any representation or statement, or the absence of any representation or statement, by any person or Party other than those representations or statements made expressly in this Agreement. The Parties to this Agreement also expressly affirm that they are not entering into this Agreement and the releases herein based upon any belief, assumption, representation, disclosure, or absence of any representation, disclosure, or statement as to any matter.

### 12.    Sufficiency of Consideration

The Parties acknowledge that the covenants and releases contained in this Agreement provide good and sufficient consideration for every promise, duty, release, obligation, agreement, and right contained in this Agreement.

13.   **Settlement Is Not An Admission**

The Parties understand and agree that the terms of this Agreement, and the settlement provided for herein, are intended to compromise disputed claims, to avoid litigation, and to buy peace, and that this Agreement and the settlement provided for herein do not constitute and shall not be construed or be viewed as an admission by any party of wrongdoing or of liability, such wrongdoing and liability being expressly denied.

14.   **Binding Agreement**

This Agreement shall be binding upon the Parties hereto and their direct and indirect subsidiaries, divisions, associates, owners, parent companies, holding companies, stockholders, predecessors, successors, heirs, executors, administrators, beneficiaries, assigns, agents, principals, directors, officers, partners, employees, representatives, attorneys, insurers, and any and all other persons or entities who have at any time acted, or purported to act on their behalves. The Parties agree that all of the terms of this Agreement are contractual, and are not merely recitals.

15.   **Further Assurances**

Each Party agrees to take all reasonable steps necessary to effectuate the terms of this Agreement.

16.   **Advice of Counsel**

The Parties to this Agreement acknowledge that they have had the benefit of advice of competent legal counsel with respect to the decision to enter into this Agreement and the settlement provided for herein.  Each Party further acknowledges that this Agreement is the product of an arms-length negotiation, that each Party reviewed and contributed to the Agreement, and that the Agreement shall not be interpreted against any supposed drafter.

17.    **Multiple Counterparts**

This Agreement may be executed in a number of identical counterparts, all of which shall constitute one agreement, and such execution may be evidenced by signatures delivered by facsimile transmission.

18.    **Authorization**

Each Party to this Agreement represents that it and the signatory acting on its behalf are duly authorized to execute this Agreement, and to enter into the settlement described herein.  No undertaking or obligation contained herein conflicts with any contracts or obligations to which any Party to this Agreement is a party.  Each Party further represents that it is the current and exclusive owner of all claims which it releases or agrees to dismiss pursuant to this Agreement, that it has not assigned to any person or entity any of the claims or rights which it releases or agrees to dismiss pursuant to this Agreement, and that no other person may assert any claim or right released or dismissed pursuant to this Agreement or any claim based on or derived from any claim or right released or dismissed under this Agreement.

19.    **Entire Agreement**

This Agreement contains all the representations and warranties, expressed and implied, oral and written, between and among the Parties hereto, and the entire understanding and agreement between and among the Parties with respect to the subject matter hereof.  No other agreements, covenants, representations or warranties, expressed or implied, oral or written, have been relied upon by any Party with respect to any subject matter of this Agreement.  All prior and contemporaneous conversations, negotiations, proposed agreements, representations, disclosures, absence of disclosures, covenants and warranties with respect to any subject matter hereof are merged herein, waived, superseded and replaced in total by this Agreement.  This is an integrated Agreement and it may not

be altered or modified except by a writing signed by all Parties in interest at the time of the authorization or modification.

### 20.  <u>Governing Law and Arbitration</u>

This Agreement shall be construed under and governed by the internal laws of the State of Florida without regard to that State's conflict of laws or choice of laws provisions.  Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association with a three arbitrator panel in accordance with the American Arbitration Association's Commercial Arbitration Rules, and judgment on the award, including any injunctive relief, rendered by the arbitrator may be entered in any court having jurisdiction thereof.  This arbitration provision shall not apply to the motion and consent judgment provided for in paragraph 1 of this Agreement.

### 21.  <u>Attorney's Fees</u>

In any action to enforce the terms of this Agreement, the prevailing party is entitled to recover its reasonable attorney's fees and costs.

IN WITNESS WHEREOF, the Parties have caused this Confidential Settlement Agreement and Mutual Release to be executed under seal in several counterparts, and each is deemed an original, effective as of the later of the dates of signature set forth below.

**Michael Reiterman**

By: Michael Reiterman

Dated: 06 · 27 · 2018

**Farah Abid**

By: Farah Abid

Dated:

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MICHAEL REITERMAN, an
individual,

      Plaintiff,

vs.                            Case No. 8:18-cv-812-T-36AEP

FARAH ABID, an individual,

      Defendant.

_____/

## STIPULATION OF DISMISSAL WITH PREJUDICE

      Plaintiff, Michael Reiterman, and Defendant, Farah Abid, hereby stipulate and agree that

Defendant Farah Abid shall be dismissed from this action with prejudice, with each party bearing

its own costs and fees (including attorneys' fees) and waiving all rights to appeal.

      Respectfully submitted,

| | |
|---|---|
| _____ | _____ |
| SHYAMIE DIXIT, ESQ. | KELLI A. EDSON, ESQ. |
| Florida Bar No. 719684 | Florida Bar No. 0179078 |
| ROBERT L. VESSEL, ESQ. | QUARLES & BRADY LLP |
| Florida Bar No. 314536 | 101 East Kennedy Boulevard, Suite 3400 |
| 3030 N. Rocky Point Drive West, Suite 260 | Tampa, Florida 33602 |
| Tampa, FL 33607 | Ph: 813-387-0300; Fax 813-387-1800 |
| Telephone: (813) 252-3999 | kelli.edson@quarles.com |
| Facsimile: (813) 252-3997 | lynda.dekeyser@quarles.com |
| Attorneys for Plaintiff, Michael Reiterman | DocketFL@quarles.com |
| | Attorneys for Defendant, Farah Abid |