UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL REITERMAN,

    Plaintiff,

v.                                                      Case No.: 8:19-cv-2282-T-02AAS

FARAH ALI ABID,

    Defendant.
_____/

## ORDER

Mr. Michael Reiterman seeks to serve a deposition subpoena on Ms. Nazia Abid by substitute service and to depose Mr. Abid Shah, the father of Farah Ali Abid, and serve the deposition subpoena on Mr. Shah through personal service at his home or office or by substitute service, if necessary. (Doc. 14).

Discovery is usually barred before the parties meet for a conference under Rule 26(f). *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). However, for good cause, the court may allow early discovery. *Hospitalists Mgmt. Group, LLC v. Florida Medical Affiliates, Inc.*, No. 2:14–cv–242–FtM–38DNF, 2014 WL 2565675, at *1 (M.D. Fla. June 6, 2014). Good cause exists when the parties establish "a clear connection between the discovery sought and the alleged potential harm." *See Charles Schwab & Co., Inc. v. McMurry*, No. 2:08-CV-534-FtM-29SPC, 2008 WL 11334541, at *2 (M.D. Fla. July 14,

2008).

In October, Mr. Reiterman sought to take the limited deposition of Ms. Abid, the mother of Farah Abid. (Doc. 12). The court granted Mr. Reiterman's request. (Doc. 13). Mr. Reiterman made several unsuccessful attempts to serve Ms. Abid with the deposition subpoena at a Sarasota residence. (Doc. 14, p. 1). During one of the unsuccessful attempts, Mr. Reiterman's process server encountered Mr. Shah, Ms. Abid's husband, who explained Ms. Abid did not reside there. (*Id.* at 3). Because of the apparent attempts by Farah Abid's parents to shield their daughter from service, Mr. Reiterman seeks to depose Mr. Shah as well to obtain the location of Ms. Farah Abid so service can be effectuated. Property records for the Sarasota residence confirm the home is owned by Mr. Shah and Ms. Abid. (Doc. 14-1, Ex. B). Upon consideration, the court finds Mr. Reiterman demonstrated the requisite good cause to serve the requested deposition subpoena on Mr. Shah.

Mr. Reiterman seeks to serve Ms. Abid's deposition subpoenas by substitute service. (Doc. 14, p. 5). And Mr. Reiterman seeks to serve Mr. Shah's deposition subpoena either by personal service or substitute service if necessary. (*Id.*). Rule 45 requires:

> Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

Fed. R. Civ. P. 45(b)(1). While personal service typically occurs, courts do not require

2

personal service but require service reasonably calculated to ensure receipt of the subpoena by the witness. *Codrington v. Anheuser–Busch, Inc.,* No. 98–2417–CIV–T–26F, 1999 WL 1043861, *1 (M.D. Fla. Oct.15, 1999) (allowing service of subpoena by certified U.S. Mail); *see also S.E.C. v. Rex Venture Group, LLC,* No. 5:13–MC–004–WTH–PRL, 2013 WL 1278088, at *2 (M.D. Fla. Mar. 28, 2013) (allowing service of subpoena by federal express). Considering there is no formal requirement for personal service of a subpoena and the continued difficulty in simply serving Ms. Farah Abid, Mr. Reiterman may use substitute service to deliver the deposition subpoenas.

It is **ORDERED:**

(1) Mr. Reiterman's motion to take limited discovery to effectuate service of process (Doc. 14) is **GRANTED**.

(2) Mr. Reiterman may serve a deposition subpoena on Ms. Abid by substitute service.

(3) Mr. Reiterman must attempt to serve a deposition subpoena on Mr. Shah using personal service first and then substitute service.

(4) The depositions of Ms. Abid and Mr. Shah should take place in Sarasota County with questions limited to determining the location of Farah Abid.

**ORDERED** in Tampa, Florida on November 18, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge