## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

MICHAEL REITERMAN,

    Plaintiff,

    v.

                  Civil Action No. 8:19-cv-02282-02AAS

FARAH ALI ABID,

    Defendant.

### Motion to Intervene and Unseal Documents, and Supporting Memorandum of Law

Eugene Volokh moves to intervene and unseal the settlement agreement (ECF No. 1 Exh. A) and the order sealing the agreement (ECF No. 5).

### Summary of Argument

Both federal common law and the First Amendment give the public a presumptive right of access to judicial records. This is especially true where the sealed documents are central to understanding the court's decision, and therefore to understanding how the judicial system functions.

    The order in this case is subject to a presumption of public access because it is a judicial decision that explains what the court ordered and why. Likewise, the settlement agreement, the terms of which are of interest to the public and integral to understanding the merits of the case, is subject to a presumption of public access. Because, in this case, the presumption has not been overcome, the documents should be unsealed.

1

## I.  Professor Volokh should be allowed to intervene.

"[B]ecause it is the rights of the public, an absent third party, that are at stake, *any member of the public* has standing to view documents in the court file . . . and to move the court to unseal the court file in the event the record has been improperly sealed." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (emphasis added); *see also Newman v. Graddick*, 696 F.2d 796, 800 (11th Cir. 1983) (upholding "the press's standing to seek access in suits to which it is not a party."). This is consistent with Fed. R. Civ. P.  24(b): where the purpose of the intervention is to modify a protective order, the commonality requirement of Rule 24(b)(1)(B) is satisfied. *Boca Raton Cmty. Hosp., Inc. v. Tenet Healthcare Corp.*, 271 F.R.D. 530, 536-37 (S.D. Fla. 2010); *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994); *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992). "[T]hose who seek access to [sealed] material have a right to be heard in a manner that gives full protection to the asserted right." *Marshall v. Planz*, 347 F. Supp. 2d 1198, 1202 (M.D. Ala. 2004).

Professor Volokh is seeking to intervene in order to assert his right to access the settlement agreement and the court order sealing the agreement in this case. Volokh is a professor at UCLA School of Law and publishes *The Volokh Conspiracy*, a widely-read legal blog hosted on *Reason* magazine's website. His blog covers First Amendment issues like those in this case—including the right of public access to court documents, libel law, and internet takedown orders. His blog posts often contain commentary that helps serve the purpose of the right of access, which is "'to appreciate fully the often significant events at issue in public litigation and the workings of the

legal system.'" *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (quoting *Newman*, 696 F.2d at 803). Thus, either as a member of the public or as a member of the media, Professor Volokh should be allowed to intervene under Rule 24(b).

## II.   This Court retains jurisdiction over this matter.

"The general rule regarding divestiture of jurisdiction"—that filing a notice of appeal divests the district court of jurisdiction—"does not apply to collateral matters not affecting the questions presented on appeal." *Weaver v. Fla. Power & Light Co.*, 172 F.3d 771, 773 (11th Cir. 1999); *see also Doe v. Bush*, 261 F.3d 1037, 1064 (11th Cir. 2001) (similarly retaining jurisdiction over collateral matters).

The appeal from the order denying the compulsion of arbitration does not address the sealing of the settlement agreement and court order. Notice of Appeal, *Reiterman v. Abid*, No. 19-CV-02282 (Mar. 25, 2020). Thus, this Court retains jurisdiction to enter an order to unseal.

## III.   The common-law right of access applies to the court order and settlement agreement because they are integral to the judicial resolution of the merits.

There is a strong presumption in favor of access to civil court documents. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-99, 609 (1978); *Wilson*, 759 F.2d at 1568. Public access to judicial proceedings is an "essential component of our system of justice" and thus access to them "is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown*, 960 F.2d at 1016.

As a result, "materials that invoke 'judicial resolution of the merits'" are subject to a presumption of public access. *FTC v. AbbVie Prods. LLC*, 713 F.3d 54, 63 (11th Cir. 2013); *see also Comm'r, Ala. Dep't of Corr. v. Advance Local Media*, LLC, 918 F.3d 1161, 1167 (11th Cir. 2019). "Judges deliberate in private but issue public decisions after public arguments based on public records. . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (quoting *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006)).

"[A] presumption of public access attaches" to the court's sealing decision because "decisions are adjudications—direct exercises of judicial power the reasoning and substantive effect of which the public has an important interest in scrutinizing." *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1258 (S.D. Fla. 2019); *see also Doe v. Pub. Citizen*, 749 F.3d 246 (4th Cir. 2014) ("[D]istrict courts [are not given] carte blanche to conduct secret proceedings, and, more importantly, the Constitution forbids it."). The sealed sealing order contains important information regarding this Court's reasoning for sealing the settlement agreement and "[t]he public has a right to access . . . rationales for sealing to see what the Court found persuasive (and what it did not)." *Gubarev,* 365 F. Supp. 3d at 1263. The Seventh Circuit went so far as to say, "[w]e hope never to encounter another sealed opinion." *Hicklin*, 439 F.3d at 349.

Similarly, the right of access covers settlement agreements. "Once a settlement is filed in district court, it becomes a judicial record." *S.E.C. v. Van Waeyenberghe*, 990

F.2d 845, 849 (5th Cir. 1993); *see also Brown*, 960 F.2d at 1015-16 (so concluding even when no dispute had arisen over the settlement agreement). "[T]he public 'has an interest in knowing what terms of settlement a federal judge would approve.' As an active component of the judge's decision, the settlement agreement is presumptively a public record." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244-45 (M.D. Fla. 2010) (quoting *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002)). This Court's local rules agree: "No settlement agreement shall be sealed absent extraordinary circumstances." Civil L. R. 1.09.

Settlement agreements should especially be publicly accessible where they are essential to the understanding of the case. This case revolves around an alleged breach of the settlement agreement, which the Court's decision has cited and relied on. The issue on appeal centers on the validity of an arbitration clause in the settlement agreement. Understanding both this court's decision and the appeal requires reviewing the settlement agreement, because the agreement is being "presented to the court to invoke its powers or affect its decisions," making it integral to the "judicial resolution of the merits" of the case. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *Advance Local Media*, 918 F.3d at 1167. Thus, the presumption of public access applies to this document.

The common law right of access may be overcome by a showing of good cause, which requires "balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Chi. Tribune*, 263 F.3d at 1309; *Newman*, 696 F.2d at 803. In balancing the interests, courts consider whether allowing

access would harm legitimate privacy interests, the degree of and likelihood of injury if made public, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987); *Shingara v. Skiles*, 420 F.3d 301, 305-06 (3d Cir. 2005).

Since the sealing order has itself been sealed, it is difficult to fully understand the court's rationale for its decision, but there appears to be no sufficient interest for sealing either the order or the settlement agreement. The agreement contains no evidence of the extraordinary circumstances listed in the local rules as possible justifications for sealing a settlement agreement— "preservation of national security, protection of trade secrets, . . . protection of especially vulnerable persons, . . . or protection of nonparties without either the opportunity or ability to protect themselves." Civil L. R. 1.09. To the extent the agreement may reference non-parties, their safety and privacy could be preserved by redacting the agreement, rather than sealing the whole document. *Romero*, 480 F.3d at 1239 (holding documents should have been redacted, sealing considered excessive).

## IV. The court order and settlement agreement should be unsealed under the First Amendment right of access to judicial documents.

The public and press also have a qualified First Amendment right to access certain judicial documents, *Chi. Tribune*, 263 F.3d at 1315; *Newman,* 696 F.2d at 800-01; *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 n.4 (2d Cir. 2006); *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 673 (3d Cir. 2019); *Washington Post v. Robinson,* 935 F.2d 282, 287 (D.C. Cir. 1991), when (1) they are of a kind that has historically been open to inspection by the press and the public,

and (2) public access plays a significant positive role in the functioning of the partic-
ular process to which the documents relate, *Press-Enter. Co. v. Superior Court*, 478
U.S. 1, 9 (1986). This First Amendment right of access "may be overcome only by an
overriding interest based on findings that closure is essential to preserve higher val-
ues and is narrowly tailored to that interest." *Id.* at 8-9.

Judicial orders have historically been open to the press and general public, be-
cause "[t]he operations of the courts and the judicial conduct of judges are matters of
utmost public concern." *Gubarev*, 365 F. Supp. 3d 1250, 1255 (quoting *Landmark
Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978)). Access to judicial orders also
protects "the citizen's desire to keep a watchful eye on the workings of public agen-
cies," thus helping promote the proper functioning of the legal system. *Advance Local
Media*, 918 F.3d at 1166 (citations omitted). The sealing order contains the court's
reasoning for sealing the document, and citizens cannot understand the workings of
the legal system where the rationale for decisions is hidden. Thus, the sealing order
is protected by the First Amendment right of access.

Similarly, there is a presumptive right of access to the settlement agreement. As
discussed above, to understand this case—which is at this point in large part a dis-
pute about the settlement agreement—the public needs to be able to see the agree-
ment itself. Sealing the document impairs the public's ability to scrutinize judicial
decision-making, the very reason for the First Amendment right of access. *United
States v. Erie County*, 763 F.3d 235, 240 (2d Cir. 2014) ("The presumption of access

to judicial documents is 'based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice.'").

Once a qualified First Amendment right of access has been found, the document can remain sealed only if "closure is essential to preserve higher values and is narrowly tailored to serve those interests." *Press-Enter.*, 478 U.S. at 13-14. The First Amendment right of access, which can only be overcome under more stringent circumstances than the common law presumption, is not rebutted for the same reasons the presumption is not overcome under the federal common law (see Part III). There is no compelling interest present for sealing the sealing order or the settlement agreement; thus, the documents should be unsealed.

### Conclusion

Whether the right of access is grounded in the common law or the Constitution, the public has a presumptive right to access the sealed sealing order and settlement agreement. There is no reason to believe this presumption should be rebutted here. Thus, these documents should be unsealed.

Respectfully submitted,

/s/ Eugene Volokh
Eugene Volokh
*Pro se*
UCLA School of Law
385 Charles E. Young Dr. E.
Los Angeles, CA, 90095
Telephone: (310) 206-3926
volokh@law.ucla.edu
(Institutional affiliation listed for identification purposes only)

July 22, 2020

8

## RULE 3.01(g) CERTIFICATION

In accordance with Local Rule 3.01(g), Intervenor certifies that on March 26 and 27, 2020, and May 8 and 12, 2020, the undersigned conferred with Counsel for Plaintiff and Defendant concerning this motion. Counsel for Defendant consents to the motion to intervene and the motion to unseal. Counsel for Plaintiff takes no position on any of the motions.

/s/ Eugene Volokh
Eugene Volokh

9

## CERTIFICATE OF SERVICE

I certify that I served counsel for the parties by e-mail with their consent on July 22, 2020, at:

Krista Lee Baughman KBaughman@dhillonlaw.com>, Counsel for Plaintiff

Luke Lirot <luke2@lirotlaw.com>, Counsel for Defendant

/s/ <u>Eugene Volokh</u>
Eugene Volokh