UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL REITERMAN,

    Plaintiff,

v.                                          Case No. 8:19-cv-2282-WFJ-AAS

FARAH ALI ABID,

    Defendant.
_____/

## ORDER GRANTING SUMMARY JUDGMENT

This matter came before the Court on the Plaintiff's motion for summary judgment. Doc. 94. This District Court and the United States Eleventh Circuit have previously addressed the facts of this lamentable case. The facts are not repeated in their ugly detail here, other than the short summary that follows: This matter arose due to Defendant Farah Abid's aggressive, anonymous, and pervasive cyber-defamation campaign against Plaintiff Reiterman. The campaign was remarkably extensive and forceful, in effect seeking to destroy Reiterman by painting him in the most graphic terms as a racist and serial rapist. The matter first arose out of a brief personal relationship between Reiterman and Abid. Over a year after this relationship concluded, Abid reported Reiterman to local police and prosecutive authorities for sexual assault. These two offices investigated, and

closed their file with no action, as did the Florida Attorney General's office. Thereafter, the cyber campaign began, which evinced the disturbed mind of Defendant Abid.

The Court need not here outline all the details of this cyber campaign. Suffice it to say, Farah Abid directed this cyber campaign to destroy Reiterman's tenure at law school, budding career, and life. It was multi-faceted, intricate and extensive, sly, anonymous, and horrible. Reiterman filed this lawsuit after Abid breached a prior court settlement in which she had agreed to stop this scheme, but then continued her cyber campaign.

The operative complaint is found at docket 1. Abid consented to jurisdiction in this Court by waiving service of process, Doc. 22, and appearing on the merits with able counsel. Through her counsel, Abid moved to compel arbitration under the prior settlement. Doc. 28. The Court held an evidentiary hearing on this motion, Doc. 38, where Abid then lied under oath about her involvement and other material issues. The undersigned found that Abid lied under oath. The Court held that she had novated the subject arbitration clause through her earlier statements and actions. Doc. 51. Abid then took an appeal, which the Eleventh Circuit denied with a written opinion after oral argument. Doc. 66; *Reiterman v. Abid,* 26 F.4th 1226 (11th Cir. 2022).

After the Eleventh Circuit returned jurisdiction to this Court, Abid continued to litigate this suit on the merits through counsel, including participating in drafting a case management order, attending a case management conference, and filing an answer and counterclaim on the merits.  Docs. 69, 73.

Then, perhaps fearing ensuing discovery, Abid terminated her counsel, Doc. 81, abandoned this case entirely including her counterclaims, and informed everyone she is incommunicado.  Since she fired her lawyer and declared herself incommunicado, Abid has refused to participate in this lawsuit, including a failure to answer or participate in discovery or respond to pleadings and motions.

In this lawsuit Reiterman now seeks summary judgment on Counts 1 (fraudulent inducement of a prior settlement and rescission of same); 2 (common law fraud); 4 (defamation *per se*); 5 (defamation *per quod*); 6 (tortious interference with advantageous commercial relationships); and 7 (intentional infliction of emotional distress).  Before the Court are the affidavits that Reiterman has supplied in support of this motion (including his own, *see* Doc. 94-2), as well as prior testimony of witness Baughman taken at the arbitration hearing in this record, and extensive evidentiary materials which are not disputed.  Also on pertinent point, although supplemental and not necessary, are the request for admissions that Plaintiff duly served on the Defendant, and which were not responded to in any way, and thus admitted pursuant to Rule 36(a)(3), Fed. R. Civ. P.  *Perez v. Miami-*

*Dade Cnty.,* 297 F.3d 1255, 1264 (11th Cir. 2002). Likewise, the Court twice warned Ms. Abid about Local Rule 3.01(c) (M.D. Fla.), which states that any substantive motion for which no response is filed is deemed unopposed. Docs. 87, 95; *see also* Doc. 82. By not responding to the summary judgment motion (even after the Court warned her on the docket), Abid has rendered it unopposed under the local rule.

Ms. Abid's refusal to litigate is purposeful and consistent with her malign, manipulative character shown in this record. When she discharged her counsel the record shows she had an amiable relationship with him, and the Court knows this lawyer to be an effective and genial attorney. But at that time Abid decided to "disappear" and expressly declare herself incommunicado, not responding to any additional contact sought by her lawyer. Doc. 81. She told her attorney when she discharged him that she would have no phone or email, and stated she knew the Court would need an email address but she declined to provide one. She stated, "I can no longer be reached by phone or email…I understand the court will need an email through which I can be reached, but I can't provide you with one because I won't be reachable." Doc. 81-1.

The Court several times cautioned Ms. Abid that she should hire a lawyer and/or defend on the merits. Docs. 82, 87, 95. Additional steps well beyond those required by the federal rules were also taken to serve Ms. Abid with case materials

4

once she discharged her attorney. *See* Docs. 82, 84, 85, 89. The record is clear that, now that it is time to account for her actions, Ms. Abid is secreting herself and choosing not to participate further, adopting an incommunicado status.

The Court has considered the familiar standards for summary judgment under Fed. R. Civ. P. 56(a). With the declarations and case materials provided, Plaintiff has proven an affirmative, *prima facie*, indeed overwhelming case on this record in support of the motion for summary judgment on each count sought. Defendant has failed, intentionally, to present any material facts (let alone genuine ones) to show that an issue of material fact exists to defeat any of these counts. When Defendant did choose to participate earlier in the case, she committed perjury. Plaintiff's submissions both factually and by operation of Local Rule 3.01(c) are established. Accordingly, the Court grants final summary judgment to Plaintiff on Counts 1, 2, 4, 5, 6, and 7. The prior settlement agreement is rescinded as requested in Count 1, and the Court will consider damages below.

A more difficult task is finding and apportioning damages in this situation. This is not unlike a default situation. The Court is guided by the Eleventh Circuit's teachings that "[d]amages may be awarded only if the record adequately reflects that basis for the award via a 'hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *Adolph Coors Co. v. Movement Against Racism & the Klan,* 777 F.2d 1538, 1543 (11th Cir. 1985) (quoting *United Artists Corp. v.*

*Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).  Generally, a court should determine there is sufficient record evidence to establish a sum certain or one capable of mathematical calculation.  *Id.*  Accordingly, the Court will review this record and determine if damages for each respective count are established under this standard.

As to Count I, fraudulent inducement and recission of the prior settlement agreement, the uncontested facts shown by Reiterman are that Abid induced the prior settlement fraudulently and caused him to incur expenses of two lawsuits and settlement.  Damages for this which are a sum certain are a total of $118,057.69 as established at docket 94, page 18 and docket 94-2, paragraph 6.  The damages for Count 2, common law fraud, are identical to this amount and are not duplicated here.

Concerning defamation (Counts 4 and 5) and tortious interference with advantageous relationships (Count 6), a sum certain is also established in this record.  That definite amount is based upon lost wages and benefits, and future wages and benefits through 2014.  That sum certain amount is $2,144,500 as set forth in this record.  Doc. 94 at 19; Doc. 94-2.  Here the Court adds in $15,300 in actual expense that Mr. Reiterman has incurred as medical costs due to this defamation campaign activity.  This cost could also be part of damages for intentional infliction of emotion distress but only in duplicate, so the Court awards it here and not for Count 7.  Reputational harm due to these counts is too inchoate

to award although is likely to be very significant. For simplicity's sake and to avoid double counting, any damages for emotional distress under Counts 4–6 are omitted here, as it would be duplicative of Count 7 damages.

The Court must err on the low side and be very conservative in awarding damages for emotional distress under Count 7, intentional infliction of severe emotional distress. The Eleventh Circuit has cautioned that weighing compensatory damages for emotion harm "is inherently subjective." *Myers v. Central Fla. Invs., Inc.,* 592 F.3d 1202, 1213 (11th Cir. 2010). Clearly, Mr. Reiterman's injuries were massive in this category, but somewhat inchoate. Needless to say, the actions of Abid shock the Court and would shock all normal persons of conscience and empathy. However, the Court only awards $1 million for anguish and emotional distress because the sum is not certain—actual distress damages are almost certainly greatly in excess of this amount. This amount would apply to both the two defamation counts (Counts 4 and 5) and to Count 7, which asserts intentional infliction of emotional distress. For simplicity's sake and to avoid double counting the Court only adds this amount into Count 7 on the Final Money Judgment, which will be entered after this order.

Concerning punitive damages, Defendant's conduct by any measure was vile and wanton, evincing sadistic moral turpitude. This record establishes these acts by clear and convincing evidence. One wonders how a normal person could be so

7

consumed with evil as to engage in such a complex, feral, and cruel scheme. Under section 768.73(1)(c) of the Florida Statutes, there is no statutory cap on punitive damages that involve intentional conduct with a specific intent to harm, that did cause the actual harm intended. The Court finds these factors met clear and convincing evidence. Although the net worth of the offender is relevant as to the amount of punitive damages to be awarded,[1] regretfully Defendant has absented herself intentionally from this process, secreting herself and such information from the Court and thus waiving this point. The Court grants punitive damages and orders the actual damages to be doubled as condign punishment and deterrence.

Accordingly, Plaintiff's motion for summary judgment, Doc. 94, is granted. The Court will enter a Final Money Judgment this day consistent with this order. The Clerk is directed to terminate any pending deadlines and motions and to close this case.

**DONE AND ORDERED** at Tampa, Florida, on November 14, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record

---

[1] *Rinaldi v. Aaron,* 314 So. 2d 762, 764 (Fla. 1975).